**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 20-1613 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.S. AUTOCARE | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Plaintiff's motion titled "Omnibus Motion for Relief." Record Document 10. Plaintiff requests that this Court transfer this matter to the United States District Court for the District of Delaware. For the following reasons, Plaintiff's motion is **DENIED**.

## Background

Plaintiff brings this action against Defendants under the Telephone Consumer Protection Act ("TCPA"). He filed his complaint on December 10, 2020, and stated that he was unaware of Defendants' true identity. Record Document 1. Once Plaintiff identified Defendants, he amended his complaint and requested that the Clerk issue a summons to "Global Bridge Communications" and "Moshin Ahmad." Record Documents 6 & 9. The Clerk complied with Plaintiff's request. Record Documents 7 & 8. Three hundred thirty-three days passed without Plaintiff perfecting service. On day three hundred thirty-four, Plaintiff filed this motion requesting this Court transfer this matter. Record Document 10. Plaintiff claims that Defendants have changed their online address to a location in Delaware. For that reason, Plaintiff contends the district court in Delaware is a more convenient venue for Defendants.

## Law & Analysis

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* LR41.3 ("A civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution . . . [w]here no service of process has been made within 90 days after filing of the complaint."). Here, Plaintiff did not serve Defendants within that 90-day timeframe. Nor did he move for an extension of time to perfect service—as he acknowledges. Record Document 10.

Yet Plaintiff notes in his amended complaint that Defendants were located in Pakistan. Though Plaintiff did not raise the issue in his motion, Rule 4(m)'s 90-day timeframe does not contemplate international service. Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) . . . ."). Still, Plaintiff had eleven months to pursue service of process with diligence. And courts have found similar delays in serving foreign companies and individuals as reasonable grounds for dismissal. *See, e.g.*, *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. 10-2352, 2011 WL 4102084, at *7 (D. Md. Sept. 13, 2011) (holding that ten to eleven months was an unreasonable amount of time to serve foreign Defendants without establishing good cause).

Regardless, Plaintiff was never given notice that his action was in danger of being dismissed for his failure to serve Defendants; thus, the Court will not dismiss the action

sua sponte. *See* Fed. R. Civ. P. 4(m) (explaining that a court must dismiss an action after Plaintiff failed to serve Defendant within the requisite timeframe "on motion or on its own *after notice to the plaintiff* [.]" (emphasis added)).  Accordingly, the Court will allow Plaintiff until **September 30, 2022**, to serve Defendants with the summons and complaint.  The Court will not consider transferring this matter until after Defendants are properly served.  Plaintiff's motion is therefore **DENIED**.

### Conclusion

For the reasons outlined above, Plaintiff's motion to transfer [Record Document 10] is **DENIED**.  Plaintiff must serve Defendants by **September 30, 2022**.  Otherwise, the Court will dismiss this case without prejudice.

**THUS DONE AND SIGNED** this 9th day of August, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE