UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 20-1613 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.S. AUTOCARE | MAGISTRATE JUDGE HORNSBY |

### ORDER

Plaintiff has filed a Proposal for Moving the Case Forward. Record Document 21. Plaintiff's primary proposal hinges on requesting transfer to Delaware. *Id.* Upon review of this proposal, the Court has reconsidered Plaintiff's prior motion to transfer, in which he originally sought transfer of this matter to the United States District Court for the District of Delaware. Record Document 10. In that motion, Plaintiff represented that Defendant's website indicates a Delaware address. *Id.* at 2. Thus, Plaintiff requested transfer because Defendant "is now known to be in Delaware, [and] the likelihood of service of witnesses and subpoenas and other proceedings would be substantially less burdensome to Defendant in that forum . . . ." *Id.* at 3. It is also important to note that since the filing of that motion, the Clerk has entered default against the Defendant due to its failure to appear.

The statute governing transfer states that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The initial question under § 1404(a) is whether a case "might have been brought" in the requested venue. *In re*

*Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). "A civil action may be brought in . . . a judicial district in which any defendant resides, if all Defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b).

Here, Plaintiff alleges that the Defendant is incorporated in Delaware, and thus resides in Delaware. Record Document 10. Thus, this action could have been filed in Delaware. However, in applying the provisions of 1404(a), the United States Court of Appeals for the Fifth Circuit has emphasized that district courts must also consider whether it is convenient for the parties and witnesses and in the interest of justice to transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In determining this issue, courts should weigh public and private interest factors, but none of these factors is dispositive. *Id.* The private interest factors consist of: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors consist of: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that [governs]; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

Because the preliminary information indicates the Defendant resides in Delaware, it has not appeared once in this case in Louisiana, and it does not reside in Louisiana, the Court agrees that Delaware is a more convenient forum. Also, this is not a case of applying state law that one forum may have more familiarity with. Rather, this matter is rooted in

federal law, namely the Telephone Communications Consumer Act.[1] Accordingly, Plaintiff's request to transfer is **GRANTED**. The Clerk of Court is **ORDERED** to **TRANSFER** this matter to the District of Delaware.

    **THUS DONE AND SIGNED** this 23rd day of February, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] 47 U.S.C § 227.